779 P.2d 546

**In the Matter of Herbert M. SILVERBERG, An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

No. 18624.

Supreme Court of New Mexico.

Sept. 14, 1989.

Charles A. Wyman, Albuquerque, for Board.

Sutin, Thayer & Browne, P.A., Saul Cohen, Santa Fe, for respondent.

## OPINION

PER CURIAM.

This matter is before the Court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316, wherein attorney Herbert M. Silverberg was found to have committed various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 through 16–805. We adopt the Disciplinary Board's findings of fact, conclusions of law and recommendations for discipline.

The disciplinary charges in this matter arose out of Silverberg's representation of Roy T. Miller, Jr., in various civil and criminal proceedings. In 1985, Silverberg agreed to represent Miller on an hourly fee basis in a commercial contract action. Later that year, Silverberg agreed to represent Miller on a contingency fee basis in a personal injury action arising out of a physical confrontation with one of the parties in the contract action. For purposes of the latter action, Silverberg associated another firm that was experienced in personal injury litigation.

In 1986, in the course of the civil litigation, Miller was asked in a deposition about any previous arrests for DWI. Miller testified that he had been arrested for that offense on only one occasion in the past. Subsequently, interrogatories were propounded to Miller inquiring of any past criminal record. During a review of these interrogatories with Silverberg, Miller informed him of various other arrests and convictions in California. These convictions were for offenses that involved death or injury caused while operating a vehicle under the influence of intoxicating beverages. *Cf.* NMSA 1978, 66–8–101 (Supp. 1984). Silverberg assisted Miller in preparing a response to the pertinent interrogatory, but the response did not mention the involvement of alcohol in connection with the previous convictions.

In April 1987, Miller was arrested in New Mexico on extradition charges for flight from probation in California. Silverberg advised Miller on this matter as well

and also associated a local attorney, Mark Donatelli, who in the past had specialized in criminal defense. Donatelli reviewed the criminal matter and recommended that Miller retain a California defense lawyer as lead counsel to handle the matter there. After California counsel was retained, he and Donatelli agreed that Miller should voluntarily surrender himself in California, where he probably then would be released pending a hearing on the merits.

During this time, both Silverberg and Miller were experiencing severe financial difficulties. Miller's father agreed to advance $5,000 on his son's behalf with the provision that this money be used solely for extradition matters. Apparently accepting this proviso, Silverberg instructed Miller's father to wire the $5,000 to his general business account. When the money was received, Silverberg placed $2,000 into his trust account and kept the remaining $3,000 in his business account, spending it on general office and personal expenses. Although Silverberg earlier had informed Miller in writing that all fees advanced to him would be earned at the rate of $75 per hour, Silverberg later refused to refund the balance of the $3,000 and claimed instead that such money was intended to be a nonrefundable retainer for future services.

Contrary to the advice of Miller's criminal defense lawyers, Silverberg advised Miller to fight extradition.[1] Silverberg devised an elaborate plan for an evidentiary presentation in California, which plan would require further extensive legal services by Silverberg. After a period of weeks and before Silverberg had begun any substantial work on his plan, however, Miller was arrested on a governor's warrant for extradition and jailed, thus ending any opportunity he would have had voluntarily to surrender himself in California.

Upon Donatelli's return from vacation, he learned of Miller's predicament. Silverberg's representation of Miller in the extradition matter was terminated. Silverberg was asked to refund all unearned fees in that matter so that California counsel could

handle the proceedings in California. On July 2, 1987, Silverberg completed the refund of the $2,000 held in his trust account but refused to refund the remaining balance of the money advanced by Miller's father. At the end of July 1987, Miller formally terminated Silverberg's services on all his legal matters. A hearing was held in California in August, and Miller was transferred to unsupervised probation in New Mexico.

In September, Miller complained to the Disciplinary Board about Silverberg's conduct and fees. When Silverberg received a copy of Miller's complaint, he called Donatelli and asked for a copy of Miller's civil deposition. When asked why he wanted the copy, Silverberg said that he intended to get even with Miller for having filed the disciplinary complaint and would use the deposition testimony to show opposing counsel in the civil suit how Miller had committed perjury about his DWI arrests.

Donatelli's efforts to dissuade Silverberg from this course of action proved to be futile. On September 25, 1987, Silverberg applied for a temporary injunction to prevent Miller from settling part of the civil suit unless a portion of the settlement were remitted to Silverberg for fees. In connection with his application, Silverberg filed an affidavit that accused Miller of perjury. At the hearing on the application, Silverberg proceeded to detail to the Court the factual background of the alleged perjury. The judge noted on the record that, although he was granting the temporary injunction, if Silverberg were entitled to certain fees it would be because he earned them and not because Miller purportedly lied to him about other matters. After the hearing, Donatelli filed an additional disciplinary complaint based on the hearing record, Silverberg's affidavit, and his previous phone conversation with him.

We believe, with respect to Miller's complaint, that Silverberg unnecessarily "churned" the extradition matter to generate legal fees. With respect to Donatelli's complaint concerning the improper accusa-

---

**1.** The Disciplinary Board found that Silverberg feared, unless Miller fought extradition, he would not be available for trial on the pending civil cases.

tion of perjury, we believe that such accusations in open court constituted disclosure of the confidential communication he had with Miller during preparation of the answers to interrogatories.

Accordingly, we conclude that Silverberg's conduct violated the following Rules of Professional Conduct: (1) Rule 16–105(A) in that he charged his client an unreasonable fee for representation in the extradition matter; (2) Rule 16–107(B) in that his representation of his client in the extradition matter materially was limited by his own financial interests; (3) Rule 16–109(B) in that he used information relating to the representation of his former client to the disadvantage of the former client;[2] (4) Rule 16–115(A) in that he failed to hold funds belonging to his client's father in an account separate from his own property; (5) Rule 16–115(B) in that he failed to deliver to his client, or his client's father, funds to which they were entitled and failed upon request properly to render a full accounting regarding such funds.

Finally we conclude, as did the Board, that Silverberg violated Rule 16–804(D), in that he knowingly engaged in conduct that is prejudicial to the administration of justice, and Rule 16–804(H), in that he engaged in conduct that adversely reflects on his fitness to practice law. His conduct in his relationship with Miller demonstrated contempt for some of the most important and fundamental concepts embodied in the legal profession. Silverberg purposely set out to punish his former client. His conduct displayed a spirit of meanness and disloyalty that cannot be tolerated in the New Mexico Bar. We consider this breach of professional duty a serious one motivated by avarice and anger.

IT IS THEREFORE ORDERED that Herbert M. Silverberg be and hereby is publicly censured by this Court pursuant to SCRA 1986, 17–206(A)(4);

IT IS FURTHER ORDERED that Silverberg be and hereby is suspended from the practice of law, effective September 15, 1989, for a period of thirty days with automatic reinstatement thereafter pursuant to SCRA 1986, 17–206(A)(2);

IT IS FURTHER ORDERED that Silverberg be and hereby is required to make restitution forthwith to Roy Miller, Sr. in the amount of $2,282.65 with interest of fifteen percent per annum from July 2, 1987 until fully paid.

IT IS FURTHER ORDERED that, within ten days after the effective date of his suspension, Silverberg shall file with the Court evidence of his compliance with all the requirements of SCRA 1986, 17–212, and he shall serve a copy of his affidavit of compliance upon disciplinary counsel;

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Herbert M. Silverberg from the roll of those persons permitted to practice law in New Mexico as of September 15, 1989;

IT IS FURTHER ORDERED that the discipline imposed herein shall be published in the New Mexico Reports and the bar bulletin and shall be filed in the Supreme Court clerk's office, pursuant to SCRA 1986, 17–206(D).

IT IS SO ORDERED.

---

**2.** Although Rule 16–106(D) allows an attorney to reveal a client confidence if the attorney reasonably believes such revelation necessary to establish a claim or defense in a controversy between the attorney and client, we do not believe the allegation of perjury was reasonably necessary to establish Silverberg's claim to entitlement to a portion of Miller's settlement in the civil suit.